UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FANTASIA SHELIKA BROWN,

                     Plaintiff,

          v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                     Defendant.
_____

**DECISION
and
ORDER

19-CV-6193F
(consent)**

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              KENNETH R. HILLER, and
                              ANTHONY JOHN ROONEY, of Counsel
                              6000 North Bailey Avenue
                              Suite 1A
                              Amherst, New York  14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York  14202
                                    and
                              KATHRYN L. SMITH
                              Assistant United States Attorney, of Counsel
                              United States Attorney's Office
                              100 State Street
                              Rochester, New York  14614
                                    and
                              KRISTINA DANIELLE COHN
                              Special Assistant United States Attorney, of Counsel
                              Social Security Administration
                              Office of General Counsel
                              26 Federal Plaza
                              Room 3904
                              New York, New York  10278

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

and
KRISTIN M. ROGERS
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
61 Forsyth Street, S.W.
Suite 20T45
Atlanta, Georgia  30303

## JURISDICTION

On April 7, 2020, this matter was reassigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 17).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on August 14, 2019 (Dkt. 11), and by Defendant on November 14, 2019 (Dkt. 15).

## BACKGROUND

Plaintiff Fantasia Shelika Brown ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on October 22, 2015, for Social Security Disability Insurance ("SSDI") under Title II of the Act, and for Social Security Supplemental Income ("SSI") under Title XVI of the Act (together, "disability benefits").  Plaintiff alleges she became disabled on October 19, 2013, based on a back injury, arthritis, and right knee pain/numbness.  AR[2] at 276, 282.  Plaintiff's applications initially were denied on December 28, 2015, AR at 78-98, and at Plaintiff's timely

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on June 13, 2019 (Dkt. 7).

request, AR at 145-49, on February 5, 2018, a hearing was held in Rochester, New York ("Rochester"), via teleconference before administrative law judge Jonathan P. Baird in Lawrence, Massachusetts ("the ALJ").  AR at 35-70 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Mary Ellen Gill, Esq. ("Gill"), and vocational expert Edmond Calandra ("the VE").

On April 17, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 9-34 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 73-77.  On January 16, 2019, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's Decision the Commissioner's final decision at that time.  AR at 1-8.  On March 14, 2019, Plaintiff commenced the instant action in this court seeking judicial review of the ALJ's Decision.

On August 14, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 11) ("Plaintiff's Motion"), attaching Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 11-1) ("Plaintiff's Memorandum").  On November 14, 2019, Defendant moved for judgment on the pleadings (Dkt. 15) ("Defendant's Motion"), attaching Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 (Dkt. 15-1) ("Defendant's Memorandum").  Filed on December 5, 2019, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 16) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Fantasia Shelika Brown ("Plaintiff" or "Brown"), born December 10, 1984, was 28 years old as of October 19, 2013, her alleged disability onset date ("DOD"),[4] and 33 years old as of April 20, 2018, the date of the ALJ's Decision.  AR at 27, 41, 228, 235, 276.  As of the administrative hearing, Plaintiff lived in an apartment with her teenage daughter.  AR at 41.  Plaintiff takes care of her daughter, and tends to her own activities of daily living and grooming.  AR at 290.  Plaintiff was able to perform household chores, AR at 42, including washing dishes, tidying up and dusting and Plaintiff's daughter helped with laundry.  AR at 52.  Plaintiff was able to prepare and cook meals, and used a mobile scooter to grocery shop.  AR at 53.  Plaintiff has a driver's license and drives for up to 25 minutes, and socializes mostly with her daughter and a friend.  AR at 54.  Plaintiff attended school in regular classes until ninth grade and completed training as a home health aide in November 2009, is working on obtaining her graduate equivalency degree ("GED"), and participated for two years in ACCESS-VR, a vocational rehabilitation program.  AR at 59, 64, 282.  Plaintiff subsequently worked as a nurse's aide and home health aide until February 2013, a job requiring Plaintiff frequently lift 25 lbs. and occasionally 100 lbs.  AR at 58-59, 283.

On January 30, 3011, Plaintiff sustained a work-related injury to her back while doing laundry. AR at 40, 815.   Plaintiff also sustained injuries in automobile accidents while driving on April 29, 2016, AR at 40, 1083 (t-bone crash causing low back, neck and right arm) ("first accident"), and on September 8, 2016.  AR at 1087 (rear-end crash

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.
[4] Plaintiff's alleged DOD was later amended to January 13, 2015, the day after a previous disability benefits claim was denied.  AR at 276-77.

causing headaches and neck pain) ("second accident") (together, "the automobile accidents").

## DISCUSSION

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*.  "Congress has

instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.     Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff met the insured status requirement for SSDI through March 31, 2015, AR at 15, has not engaged in substantial gainful activity since October 19, 2013, her initially alleged disability onset date, *id.*, and suffers from the severe impairments of degenerative disc disease of the lumbar spine with radiculopathy, obesity, depressive disorder, and anxiety disorder, *id.*, non-severe impairments of headaches and neuropathy, *id.*, and Plaintiff's alleged knee pain is not a medically determinable impairment, *id.*, but that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed

7

impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 15-17. Despite her impairments, the ALJ found Plaintiff retains the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that Plaintiff requires the ability to alternate between sitting and standing positions every 30 minutes, can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, and can occasionally stoop, kneel, crouch, and crawl, but must avoid concentrated exposure to extreme cold, is limited to performing simple, routine, repetitive tasks with no more than occasional interaction with the public, and cannot understand, remember, or carry out detailed tasks. *Id.* at 17-25. The ALJ found Plaintiff is unable to perform her PRW as a home health aide, yet given Plaintiff's RFC, age, limited education and ability to communicate in English, Plaintiff can perform jobs that exist in significant numbers in the national economy including automatic grinding machine operator, jewelry stringer, and bench hand. *Id.* at 25-26. Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 26.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ failed to properly considered the consultative examining psychologist's opinion so as to account for Plaintiff's stress, Plaintiff's Memorandum at 13-17, and erred in failing to obtain a medical opinion assessing Plaintiff's RFC after Plaintiff's two automobile accidents. *Id.* at 17-20. Defendant argues the ALJ properly considered the consultative examining psychologist's opinion and accounted for Plaintiff's stress in assessing Plaintiff's RFC, Defendant's Memorandum at 6-8, and the ALJ was not required to obtain a medical opinion dated after Plaintiff's automobile accidents prior to assessing Plaintiff's RFC. *Id.*

at 8-10.  In reply, Plaintiff reiterates her arguments that the ALJ failed to properly account for the impact of Plaintiff's stress on her RFC, Plaintiff's Reply at 1-2, and further erred by failing to rely on any opinion dated after Plaintiff's automobile accidents.  *Id.* at 2-3.  The court limits its consideration to whether the ALJ's Decision is supported by substantial evidence in the record particularly with regard to Plaintiff's asserted stress and the lack of a new medical opinion after Plaintiff's automobile accidents.

With regard to Plaintiff's stress, Plaintiff maintains the ALJ failed to properly account for her stress limitation found by the consultative examining psychologist Yu-Ying Lin, Ph.D. ("Dr. Lin").  Plaintiff's Memorandum at 13-17; Plaintiff's Reply at 1-2.  Defendant maintains the ALJ properly considered Dr. Lin's opinion and incorporated its stress limitations into the hypotheticals the ALJ posed to the VE at the administrative hearing.  Defendant's Memorandum at 56.  As relevant here, on December 2, 2015, Plaintiff underwent a psychiatric evaluation by Dr. Lin on a consultative basis in connection with Plaintiff's disability benefits applications.  AR at 804-808.  Dr. Lin found Plaintiff to be "moderately limited in appropriately dealing with stress" and that Plaintiff's "[d]ifficulties are caused by stress-related problems and lack of motivation."  AR at 807.  Dr. Lin concluded that although Plaintiff's psychiatric examination results are consistent with "psychiatric problems," and diagnosed Plaintiff with unspecified depressive disorder and unspecified anxiety disorder, the results were "not significant enough to interfere with Plaintiff's ability to function on a daily basis."  *Id.* at 807-08.  Significantly, in his hypothetical posed to the VE at the administrative hearing, the ALJ included that Plaintiff "would be limited to simple, routine and competitive tasks.  She could not understand, carry out were there ever any detailed instructions.  Additionally, the work

would have to be in a low-stress job that would be defined as having only occasional decision making required and only occasional changes in the work setting," AR at 66-67, and later added being able to "only tolerate occasional interaction with the public." AR at 67.  The VE took these stress-related limitations into account in assessing that Plaintiff was able to perform work as an automatic grinding machine operator, jewelry stringer, and bench hand even with such stress-related limitations.  AR at 68.  Furthermore, Dr. Lin, despite assessing Plaintiff as "moderately limited in appropriately dealing with stress," AR at 808, opined that Plaintiff's "psychiatric problems" are not "significant enough to interfere with the claimant's ability to function on a daily basis." AR at 807-08.  Accordingly, the ALJ's incorporation of Plaintiff's stress-related problems in his decision is supported by substantial evidence in the record, and there is no merit to Plaintiff's argument that the ALJ failed to properly account for Plaintiff's stress in determining Plaintiff is not disabled as defined under the Act.

Nor is there any merit to Plaintiff's argument, Plaintiff's Memorandum at 17-20, that the ALJ erred in relying only on medical assessments of Plaintiff's functioning prepared prior to Plaintiff's two automobile accidents.  In particular, where "'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity,' . . . a medical source statement or formal medical opinion is not necessarily required."  *Monroe v. Commissioner of Social Security*, 676 Fed.Appx. 5, 8 (2d Cir. 2017) (brackets in original) (quoting and citing *Tankisi v. Commissioner of Social Security*, 521 Fed.Appx. 29, 34 (2d Cir. 2013)).  In the instant case, the ALJ considered evidence of Plaintiff's impairments after the automobile accidents. Specifically, ALJ considered that after a physical examination of Plaintiff in connection

with Plaintiff's complaints of neck and back pain performed at Rochester Regional Health emergency department on April 30, 2016, the day after the first accident, Plaintiff had tenderness in her right lower back, but no deficits in gait, cranial nerves, or motor strength. AR at 20 (citing AR at 1083-85). Plaintiff was reported as able to ambulate without difficulty, with intact full range of motion, and without obvious spasms, although Plaintiff had right lateral neck tenderness and tenderness to her right lower back without acute deformity. AR at 1084-85. Imaging of Plaintiff's lower back was not recommended, and Plaintiff was provided with prescriptions for Tylenol, Flexeril (muscle relaxant) and vitamins. AR at 1085. The ALJ commented that Plaintiff did not seek follow-up treatment until August 3, 2016. AR at 20 (citing AR at 1001-05 and 1018-24). In particular, on August 3, 2016, Plaintiff presented to Rochester Brain & Spine for a comprehensive chiropractic examination performed by chiropractor Jared Anderson, D.C. ("Dr. Anderson"). AR at 1001-05. Plaintiff reported she previously received chiropractic care in connection with her "work related back injury which is said to have fully resolved prior to this [first] accident." AR at 1002. Upon examination, Plaintiff demonstrated range of motion deficits in her cervical, lumbar, and lumbosacral spines, her gait was "slow and somewhat antalgic, with an antalgic lean forward," and Plaintiff "appear[ed] to be in moderate distress." AR at 1003. A course of conservative treatment with electric stimulation, moist heat applications, stretching and chiropractic manipulations was recommended. AR at 1004. Following the second accident, Plaintiff continued seeking chiropractic care from Rochester Brain and Spine and on September 8, 2016, neurosurgeon Seth Zeidman, M.D. ("Dr. Zeidman"), recommended an MRI of Plaintiff's cervical and lumbar spines. AR at 1028. The cervical and lumbar spine MRIs

were performed at Borg & Ide Imaging, P.C. in Rochester respectively on November 10 and 11, 2016. AR at 1032-34. The cervical MRI showed central disc extrusion at C3-C4, mild central canal narrowing at C3-C4, moderate bilateral neuroforaminal narrowing at C4-C5, and moderate neuroforaminal narrowing at C5-C6. AR at 1034. The lumbar MRI showed central disc protrusion at L4-L5 with mild-to-moderate central canal narrowing, and moderate bilateral neuroforaminal narrowing at L4-L5. AR at 1033. Dr. Zeidman interpreted the MRI results as indicating "no major change in pathology" but that the second accident exacerbated Plaintiff's injuries from the first accident, and recommended Plaintiff commence aqua therapy twice a week for three months. AR at 1036. Plaintiff continued to walk with an antalgic gait, but treatment remained conservative with stretching, applications of moist heat, and chiropractic manipulations. AR at 1086-90. On April 6, 2017, Plaintiff began receiving epidural steroid injections which helped reduce Plaintiff's pain for three weeks. AR at 1044, 1052, 1056, 1059.

Accordingly, there is sufficient evidence in the record from which the ALJ assessed Plaintiff's RFC, including the effects of the automobile accidents on Plaintiff, such that that ALJ was not required to obtain a medical opinion following the automobile accidents. *See Monroe*, 676 Fed.Appx. at 8. The ALJ's assessment of Plaintiff's RFC, as well as the ALJ's Decision that Plaintiff is not disabled are thus supported by substantial evidence in the record.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 11) is DENIED; Defendant's Motion (Dkt. 15) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 3rd, 2020
Buffalo, New York